UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEVIN PINTO,

                                    Plaintiff,

      -against-

CITY OF NEW YORK, MARK FINELLI, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                      Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff KEVIN PINTO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KEVIN PINTO is a thirty-eight year old African American resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MARK FINELLI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 10, 2013 at approximately 12:30 a.m., plaintiff KEVIN PINTO was a lawful pedestrian on Liberty Avenue in the vicinity of Autumn Avenue, Brooklyn, New York, when the defendant NYPD officers, including defendant MARK FANELLI, grabbed PINTO, slammed PINTO to the ground, kneed PINTO in the face, kicked PINTO'S legs, arms and body, cut PINTO's leg, stomped on PINTO'S right hand, dragged PINTO on the ground, and handcuffed PINTO. As a result of the defendants brutal assault, PINTO suffered an acute fracture of the proximal portion of the right first metacarpal with moderate angulation of the fracture fragments, a laceration to his left leg, and bruising, swelling and abrasions on his head and body.

13. PINTO was transported by ambulance to Brookdale Hospital. PINTO was handcuffed and accompanied by defendant officers in the ambulance.

14. At Brookdale Hospital, PINTO complained of an injury to his right hand but the defendant officers rushed PINTO out of the hospital after doctors repaired the laceration on PINTO's left leg with stitches. As a result of the defendant officers' pressure on medical staff to quickly conclude PINTO'S medical treatment, PINTO'S right hand was not x-rayed.

15. The defendant officers imprisoned PINTO in the NYPD's 75th precinct station and in Kings County Central Booking.

16. While in Kings County Central Booking, PINTO was examined by a medical technician who observed and noted the injury to PINTO'S right hand.

17. Defendant FINELLI deprived PINTO of his right to a fair trial when he falsely swore to and signed a criminal court complaint which contained manufactured and false allegations asserted by FINELLI against PINTO. Specifically, FINELLI falsely alleged that

3

PINTO "resist[ed] a lawful arrest by flailing [his] arms, kicking, and refusing to allow [FINELLI] to handcuff [him]." These allegations are entirely false and were manufactured and created by FINELLI to cover up the above mentioned acts of brutality and abuse of authority, and to avoid discipline for FINELLI'S unlawful conduct.

18. On August 11, 2013 at approximately 11:45 p.m., almost forty-eight hours after PINTO'S arrest, PINTO was released at his arraignment on false charges filed against him and immediately returned to his home without incident.

19. The following morning, at 8:00 a.m., PINTO sought medical treatment at Brookdale Hospital for the injury to his right hand. Brookdale Hospital doctors x-rayed PINTO's hand and diagnosed PINTO with an acute fracture of the proximal portion of the right first metacarpal with moderate angulation of the fracture fragments

20. On November 13, 2013, the Honorable Sharen D. Hudson granted the Kings County District Attorney's motion to dismiss all charges filed against PINTO in Kings County Criminal Court under docket no. 2013KN062551.

21. Defendants JOHN and JANE DOE 1 through 7 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

22. Defendant JOHN and JANE DOE 8 through 10 trained, supervised, and otherwise oversaw defendants FINELLI and JOHN and JANE DOE 1 through 7.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiff KEVIN PINTO sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

5

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff KEVIN PINTO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff KEVIN PINTO'S constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff KEVIN PINTO was subjected to excessive force and sustained serious physical injuries and emotional distress.

38. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants created false evidence against plaintiff KEVIN PINTO.

41. Defendants utilized this false evidence against plaintiff KEVIN PINTO in legal proceedings.

42. As a result of defendants' creation and use of false evidence, plaintiff KEVIN PINTO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

43. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff KEVIN PINTO, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff KEVIN PINTO was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

48. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KEVIN PINTO'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEVIN PINTO.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff KEVIN PINTO as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEVIN PINTO as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KEVIN PINTO was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEVIN PINTO'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff KEVIN PINTO of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To receive a fair trial; and

    C. To be free from the failure to intervene;

61. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

64. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

67. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. As a result of the foregoing, plaintiff KEVIN PINTO was placed in apprehension of imminent harmful and offensive bodily contact.

70. As a result of defendant's conduct, plaintiff KEVIN PINTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants made offensive contact with plaintiff KEVIN PINTO without privilege or consent.

74. As a result of defendants' conduct, plaintiff KEVIN PINTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff KEVIN PINTO.

78. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

79. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

82. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

85. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

88. As a result of the foregoing, plaintiff KEVIN PINTO is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KEVIN PINTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 7, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff KEVIN PINTO
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>     JASON LEVENTHAL (JL1067)
>     BRETT H. KLEIN (BK4744)